RECEIVED
SEP 17 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EDWARD THOMAS KENNEDY,

Plaintiff,

v.

Case No. _____

1:18-cv-06350
Judge John Robert Blakey
Magistrate Judge Jeffrey T. Gilbert

JURY TRIAL DEMANDED

State of Illinois, University of Notre Dame du Lac,
John I. Jenkins, Notre Dame Law School,
American Bar Association, American Bar Association
Board of Governors, Nell Jessup Newton, Illinois Bar Association,
John Brennan, Law School Admissions Council, Inc.,
Leanne M. Shank, in her official and individual
capacities, Kellye Teste, in her official and
individual capacities,

Defendants,

Plaintiff's Original Complaint

INTRODUCTION

1.    TAKE JUDICIAL NOTICE

a.    Edward Thomas Kennedy, Plaintiff, is one of the people and in the court of record, wishes and demands individual defendants, and/or their counsel, to reply and testify, affirm, and/or declare under penalty of perjury to this complaint.

b.    Plaintiff Kennedy believes Defendant American Bar Association, in 1947, and its subsidiary, Illinois Bar Association, promised Eleanor Roosevelt, that their private membership associations members would comply with the Universal Declaration of Human Rights, link here: http://www.un.org/en/universal-declaration-human-rights. [they lied]

c.    The business model and terms and conditions of the American Bar Association, and its subsidiary, Defendant Illinois BAR Association, restrains trade in legal advice and services and prevents the Plaintiff from earning a living.

d.    Kennedy objects to the latin slang phrase "pro se" and requests CM/ECF access.

Plaintiff's Original Complaint
-1-

e. By Defendant's definition and application of the word "diversity," Defendants are allowing historical and cultural preversions to receive special status at Notre Dame Law School admissions, practices and procedures[1] in violation of our law, our culture, the law of this case, and probably western civilization and ecclesiastical law.

f. By ecclesiastical law, and tradition, Kennedy is guaranteed admission to Notre Dame Law School. Defendants Jenkins and Brennan ignored Plaintiff's two law school applications and letters but do not ignored the rate of return of Defendant's Endowment Fund.

g. Jurisdiction is the complaint is a federal questions, venue is proper for the State of Illinois is within this circuit.

## DEFENDANT PARTIES AND JURISDICTION AND VENUE

2. This is a federal question matter, and this court of record has jurisdiction and venue. Defendant Notre Dame Law School is part of Defendant University of Notre Dame du Lac, a corporation, and is headquartered / located in this judicial district. Defendant Newton is Notre Dame Law School Dean. Defendant Jenkins is President and Chief Executive Officer. State of Illinois is a corporation and subsidiary of the United States government, and is subject to its laws and jurisdiction. Illinois Bar Association is a private membership association and a subsidiary of the American Bar Association. John Brennan is chairman University of Notre Dame du Lac Board of Trustees.

## FIRST CAUSE OF ACTION – TRESPASS

3. Edward Thomas Kennedy, (hereinafter "Plaintiff" and/or "Kennedy") is one of the people of the Pennsylvania, and in this court of record complains of each of the following: University of Notre Dame du Lac, John I. Jenkins, Notre Dame Law School,

---

[1] The Transgender: Normalizing MENTAL ILLNESS, link here:
https://www.youtube.com/watch?v=aDAU3SPYFsA&index=27&list=WL

Plaintiff's Original Complaint
-2-

American Bar Association Board of Governors, American Bar Association, Nell Jessup Newton, State of Illinois, and Illinois Bar Association, Law School Admissions Council, Inc., Leanne M. Shank, in her official and individual capacities, Kellye Teste, in her official and individual capacities, hereinafter "Lawbreaker" and/or "Defendant" and all collectively "Lawbreakers" and/or Defendants; who are each summoned to answer and declare under penalty of perjury the said in a plea of trespass, trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government and false advertising, intentional infliction of emotional distress, restraint of trade, bad faith, and negligence, to wit:

INTRODUCTION

4.  Defendants exceeded their jurisdiction by allowing its employees to deny Kennedy admission to Notre Dame Law school. Each Lawbreaker exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said Lawbreakers, without good cause, harmed Kennedy.

5.  From the moment he was harmed till the present, Kennedy, under color of law, was kept in constructive financial imprisonment. Although he objected to the assumed jurisdiction, those who kept him financially imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his liberty or the return of property from Kennedy. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Kennedy continues to

Plaintiff's Original Complaint
-3-

be subject, under color of law, to the assumed jurisdiction, will and control of the Lawbreakers for he has not been accepted to Notre Dame Law School.

SPECIFICS

6. Each defendant acted in such a way, or failed to act in such a way, that Kennedy is deprived of his liberty. Each defendant acted to deprive Kennedy of his liberty; or each defendant failed to act to prevent the loss by Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

7. At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency. The following paragraphs describe what the Lawbreakers, under color of law, either acted or failed to act as obligated.

8. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of school acceptance and liberty of Kennedy

9. Kennedy refused to take to the LSAT test and its logic "games" and thus the Defendant Notre Dame Law School refused to accept Kennedy's law school application, as evidenced herein. Kennedy was also blocked from the following US law schools:

US SCHOOLS  
Status  Application  Deadline  Action  
In Progress  Albany Law School - Summer 2018  03/15/2018  
In Progress  Ave Maria School of Law - Fall 2018  08/15/2018  
In Progress  Boston College Law School - Fall 2018  03/31/2018  
Transmitted  University of California, Berkeley, School of Law - Fall 2018  
In Progress  The Catholic University of America, Columbus School of Law - Fall 2018 06/30/2018  
Transmitted  Columbia University School of Law - Fall 2018

| | | |
|---|---|---|
| In Progress | Cornell Law School - Fall 2018 | 02/01/2018 |
| In Progress | Creighton University School of Law - Fall 2018 | 07/01/2018 |
| Transmitted | Duke University School of Law - Fall 2018 | |
| Transmitted | Harvard Law School - Fall 2018 | |
| In Progress | University of Maine School of Law - Fall 2018 | 07/31/2018 |
| In Progress | Marquette University Law School - Fall 2018 | 04/01/2018 |
| In Progress | University of Massachusetts School of Law--Dartmouth - Fall 2018 | 07/31/2018 |
| In Progress | University of New Hampshire School of Law - Fall 2018 | 07/15/2018 |
| Transmitted | New York University School of Law - Fall 2018 | |
| In Progress | Notre Dame Law School - Fall 2018 | 03/15/2018 |
| Transmitted | Santa Clara University School of Law - Fall 2018 | |
| In Progress | Seton Hall University School of Law - Fall 2018 | 04/01/2018 |
| In Progress | University of Southern California, Gould School of Law - Fall 2018 | 02/01/2018 |
| In Progress | Stanford University Law School - Fall 2018 | 02/01/2018 |
| In Progress | Vanderbilt Law School - Fall 2018 | 04/01/2018 |
| In Progress | Vermont Law School - Fall 2018 | 04/15/2018 |
| Transmitted | Yale Law School - Fall 2018 [2] | |

For example, similar to Notre Dame Law School,
Reply to Kennedy from Defendant Duke Law Admissions

<u>withdrawal - no reportable LSAT score.</u>

LAW-ADMISSIONS <admissions@law.duke.edu>
Jun 29 (2017)
pillar.of.peace.2012@gmail.com
Edward Thomas Kennedy

Edward:

Please note that the June LSAT is the latest score that we are able to consider for applications to the 2018 entering class. Since we do not have the required LSAT score, we are withdrawing your file at this time.

If you would like to re-apply to the 2019 entering class, we will begin accepting those applications in September. Review the application checklist and instructions at https://law.duke.edu/admis/degreeprograms/jd (revised annually in mid-late August).

---

[2] Source: https://os.lsac.org/Apply/Applications/Select.aspx

Plaintiff's Original Complaint
-5-

We wish you well in your personal and professional pursuits.
Robin Holman
Assistant Director of Admissions for Operations

* * * * * * * * * * * * * * * * * * * * *

Office of Admissions
Duke University School of Law
Email: admissions@law.duke.edu
Web: https://law.duke.edu/admis

10. Defendants ignored Kennedy's objections, and proceeded under color of law and stole access to his private data such as school transcripts and funds from Kennedy and rejected his applications.[3]

11. Defendants have a duty to not cause Kennedy to be harmed under color of law, to not cause loss of liberty. Further, defendants have a duty to prove jurisdiction when objection to jurisdiction is asserted.

12. Defendants have breached that duty.

13. The damages for the injury caused by defendants' actions are $1,000 for each day of unlawful behaviors for each defendant, or $1,500,000.00 from each defendant, whichever is greater.

14. The damages for the injury caused by defendant's' absence of required action is $5,000 for each failure to act, or $1,500,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

15. Paragraphs 1 through 14 are included by reference as though fully stated herein.

---

[3] Property includes private essays, private data, attachments, transcripts from college and graduate school of business (MBA) submitted to Defendant LSAC.

16. By right, Kennedy reasonably expects to proceed without injury, secure in his capacities. By right, Kennedy reasonably expects to exercise his right to liberty.

17. Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.

18. Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy.

19. The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20. Paragraphs 1 through 19 are included by reference as though fully stated herein.

21. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by the State of Illinois Government itself.

22. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

23.     Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT AND FALSE ADVERTISING

24.     Paragraphs 1 through 23 are included by reference as though fully stated herein.

25.     Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes Defendants to not breach their oaths and to tell the truth.

26.     Defendants advertise that (they are) quote, "Educating a Different Kind of Lawyer" and no word in the phrase is defined.

27.     The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28.     The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

29.     The business models of the University of Notre Dame du Lac, Notre Dame Law School, Illinois Bar Association and the American Bar Association are based on a foundation of collusion, deceptions, lies, false advertising and fraud, for example:

a. Defendants fail to define the word law, and fail to disclose the difference between human rights and civil rights.

b. The business model of Defendant University of Notre Dame du Lac is very profitable with little or no oversight[4] on donations or its endowment.[5] In 2015, Total Revenue $2,184,292,145, Total Functional Expenses $1,356,768,788, Net income $827,523,357. In 2011, Total Revenue $1,396,955,832, Total Functional Expenses $1,087,176,906, Net income $309,778,926[6] or simply a 267% gain in net income from 2011 to 2015.

c. Concerning the Notre Dame endowment pool at $11.8 billion for fiscal year 2017, Defendant University of Notre Dame's endowment pool returned 12.6 percent for the fiscal year ending June 30, 2017 according to Vice President and Chief Investment Officer Scott Malpass, and ended the year with a value of $11.8 billion, up from $10.4 billion at the end of the prior fiscal year.[7]

30. The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Paragraphs 1 through 30 are included by reference as though fully stated herein.

---

[4] College Donors Are Getting Picky, link here:
https://www.bloomberg.com/news/articles/2018-08-15/college-donors-are-getting-picky
[5] For example, $50-million gift from Joan Kroc is largest in University history, link here:
https://news.nd.edu/news/50-million-gift-from-joan-kroc-is-largest-in-university-history/
for the study of peace and possibly Irish history.
[6] Source IRS Form 990: https://projects.propublica.org/nonprofits/organizations/350868188
[7] https://news.nd.edu/news/notre-dame-endowment-pool-at-118-billion-for-fiscal-year-2017/

32. Defendants advertise and promise (falsely) with intent to harm Kennedy and we the people, in deference to "international" communities, radicals and behaviors that our civilization historically finds to be perverse. Defendants knowingly[8] lie, mislead, misconstrue, misrepresent and put false information into courts of law, the public record and internet websites by confusing human rights with civil rights, and refusing to comply with the Universal Declaration of Human Rights. Diversity is defined by Defendants as perverse behaviors.

33. The damages claimed are all a result of the injuries.

## SIXTH CAUSE OF ACTION – RESTRAINT OF TRADE

34. Paragraphs 1 through 33 are included by reference as though fully stated herein.

35. Defendants restrain trade in legal services and serve international communities and their personal and corporate financial interests ahead of their fiduciary duty to Kennedy.

36. Defendant State of Illinois grants the Illinois Bar Association and its dues paying members a monopoly over "practicing law,"

37. This said policy violates United States law, specifically the Sherman Antitrust Act of 1890. (26 Stat. 209, 15 U.S.C. §§ 1–7).[9]

38. The damages claimed are all a result of the injuries.

## SEVENTH CAUSE OF ACTION – BAD FAITH

---

[8] in violation of their oaths to the federal government and we the people.
[9] The Sherman Act broadly prohibits (1) anticompetitive agreements and (2) unilateral conduct that monopolizes or attempts to monopolize the relevant market.

39. Paragraphs 1 through 38 are included by reference as though fully stated herein.

40. Bad faith is not only defined by the Law of the Case, Exhibit 1, but also is a concept defined by court decisions in case law. Bad faith is also defined as a noun and an adjective, as follows:

    a. noun. intentional dishonest act by not fulfilling legal or contractual obligations, misleading another, entering into an agreement without the intention or means to fulfill it, or violating basic standards of honesty in dealing with others. Most states recognize what is called "implied covenant of good faith and fair dealing" which is breached by acts of bad faith, for which a lawsuit may be brought (filed) for the breach (just as one might sue for breach of contract).

    b. adjective. when there is bad faith then a transaction is called a "bad faith" contract or "bad faith" offer.

41. Defendants refused to process Kennedy's application to US law schools and made bad faith offers relative to Kennedy previous acceptance to the Notre Dame Law School.

42. The damages claimed are all a result of the injuries.

EIGHTH CAUSE OF ACTION – NEGLIGENCE

43. Paragraphs 1 through 42 are included by reference as though fully stated herein.

44. In the law of this case and in tort law, negligence is a distinct cause of action.

45. The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm."

46. Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the Defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the Defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the Defendant's conduct.

47. The damages claimed are all a result of the injuries.

LAW OF THE CASE

48. Exhibit "1" is incorporated by reference as though fully stated herein.

49. The date of the claim is the date of the hearing Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law. In a court of record, a judge has no discretion. Discretion is reserved to the independent tribunal. When the word "law" is used without qualification, it means common law.

REQUEST FOR RELIEF

50. For that cause of action therefore Plaintiff brings his suit.

51. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

52. For general damages in the sum of $1,000 for each day of unlawful behaviors for each defendant, or $1,500,000.00 from each defendant, whichever is greater;

53. For damages for the injury caused by defendant's' absence of required actions of $5,000 for each failure to act; or $1,500,000.00 from each defendant, whichever is greater;

54. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

55. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

56. That the court order Defendants Jenkins, Brennan, and Newton and Defendant Notre Dame Law School to admit Plaintiff to said Law School for both Fall 2018 and Fall 2019 tuition free with first-class direct and indirect expenses prepaid and granted to the Plaintiff with no time limitations, or pay Kennedy one percent of 2017 net profit;

57. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right by all defendants;

58. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor all their fiduciary duty to Kennedy;

59. That the court Order Defendants American Bar Association, State of Illinois and the Illinois Bar Association Kennedy authority to practice law in their jurisdictions without delay and free of payment of dues, or compensate Kennedy twenty-five million dollars ($25,000,000) net of all tax;

60. That the court Order Defendants Law School Admissions Council, Inc., Leanne M. Shank, in her official and individual capacities, Kellye Teste, in her official and individual capacities, to comply with us law in their policies, practices, tests and admission

practice website platform;

61. That the court Order Defendants Law School Admissions Council, Inc., Leanne M. Shank, in her official and individual capacities, Kellye Teste, in her official and individual capacities, to compensate Kennedy for injuries at five million dollars ($5,000,000.00);

62. That the court order a forensic audit of Defendants Jenkins and Brennan nunc pro tune to determine facts concerning the Kennedy family and Plaintiff Kennedy's donations, wishes and spent donated funds by Defendant University of Notre Dame du Lac according to stated wishes of the sais donors;

63. That the court Order Defendants Law School Admissions Council, Inc., American Bar Association Board of Governors, and American Bar Association, a subsidiary of the International Bar Association, to register as foreign agents with the United States government;

64. That the court grant such, other and further relief as the court deems proper;

65. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: September, 10, 2018

Respectfully submitted,

*[signature]* (seal)

EDWARD THOMAS KENNEDY
401 Tillage Road
Breinigsville, PA 18031
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244.
Fax: 570-609-1810.

Plaintiff's Original Complaint
-14-